DECISION AND JOURNAL ENTRY
Defendant, Anthony Mayfield, has appealed from the denial of his petition for post conviction relief by the Summit County Court of Common Pleas. We affirm.
On October 21, 1992, Defendant was indicted on one count of attempted aggravated murder, in violation of R.C.2923.02/2903.01(B), with a firearm specification; two counts of aggravated robbery, in violation of R.C. 2911.01(A)(1), with firearm specifications on each count; two counts of possession of criminal tools, in violation of R.C. 2923.24, with firearm specifications and prior offense of violence specifications on each; three counts of unlawful possession of a dangerous ordinance, in violation of R.C. 2923.17, with firearm specifications and prior offense of violence specifications on each count; and resisting arrest, in violation of R.C. 2921.33. On February 22, 1993, Defendant pled guilty to one count of aggravated attempted murder, two counts of aggravated robbery, one count of unlawful possession of a dangerous ordinance, one firearm specification, and a prior offense of violence specification and was sentenced accordingly.
On September 18, 1996, Defendant moved to withdraw his guilty plea. The trial court denied Defendant's motion. On December 2, 1996, Defendant sought leave to file a delayed appeal. This court denied that motion on December 17, 1996. On May 19, 1999, Defendant filed a petition for post conviction relief with the trial court on the basis of newly discovered evidence of ineffective assistance of counsel. On August 12, 1999, the trial court denied Defendant's motion. Defendant timely appealed and has raised one assignment of error for review.
ASSIGNMENT OF ERROR
 The trial court erred when it denied granting [Defendant] an evidentiary hearing after [Defendant] made a prima facie showing of ineffective assistance of trial counsel due to newly discovered evidence.
 Defendant has argued that he was improperly denied an evidentiary hearing when he had made a prima facie showing of ineffective assistance of trial counsel. We disagree.
When a direct appeal is not taken from a judgment, a petition for postconviction relief must be filed no later than one hundred eighty days after the time for filing the notice of appeal expires. R.C. 2953.21(A)(2). Untimely petitions may not be entertained by the trial court absent a demonstration that the petitioner "was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief" and, but for constitutional error, a reasonable finder of fact would not have rendered a guilty verdict. R.C. 2953.23(A).
Defendant's petition for post conviction relief was filed several years beyond the time limit set forth in law. Defendant has argued that although his petition was late, it should have been reviewed because he provided the court with newly discovered evidence illustrating his trial counsel's ineffective representation. To his petition, Defendant attached three affidavits that allegedly set forth the newly discovered evidence. The first was from a friend who claimed to be with Defendant at his plea hearing. She claims that she was present with Defendant and heard statements made by his attorney that indicate the attorney's ineffective representation. She also claims that after the hearing she lost touch with Defendant and just recently learned that Defendant was looking for her. The second affidavit was from a second friend of Defendant's who states that Defendant had been looking for the woman who gave the first affidavit and had been unable to locate her until recently. The third affidavit was from Defendant stating that he was unable to find the woman who gave the first affidavit until she sent him the aforementioned affidavit. Defendant further stated in his affidavit that his plea was coerced by threats and ill advice from his trial counsel.
Defendant avers that the alleged threats made by Defendant's trial counsel occurred prior to the trial. Therefore, Defendant was aware of the statements at that time. Defendant was further aware that his friend had heard the statements as demonstrated by the fact that he was looking for her to get her affidavit regarding the statements. While he may have been unable to locate and obtain a statement from the corroborating witness until recently, these statements do not constitute newly discovered evidence as they are information that has been known by Defendant for the past seven years. Because Defendant has failed to show that the information produced by him constituted newly discovered evidence, the trial court was not permitted to review his untimely petition for post conviction relief under R.C. 2953.23(A). Therefore, since the trial court was not permitted to consider Defendant's petition, it did not err by refusing to hold a hearing on the matter. R.C. 2953.21(E).
Defendant's assignment of error is without merit and is hereby overruled.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ________________________ LYNN C. SLABY
FOR THE COURT CARR, J. WHITMORE, J., CONCUR.